UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIMOTHY R. BREWER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO.1:04-CR-76 |
| ) | (1:08-CV-142)   TLS |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on a "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed by the Petitioner, Timothy R. Brewer ("Brewer"), on May 29, 2008. Brewer is proceeding *pro se*. The Government responded to the Petition on June 27, 2008, to which Brewer replied on July 15, 2008.

For the following reasons, the Petition will be denied.

Discussion

The following background is pertinent to the present Petition. A four-count Indictment was returned against Brewer for three violations of 21 U.S.C. § 841(a)(1): Count 1 - distribution of cocaine on September 17, 2004; and Counts 2 and 4 - possession with intent to distribute cocaine on November 5, 2004. The Indictment also charged Brewer in Count 3 with a gun offense for using/carrying a firearm on November 5, 2004, during and in relation to the drug trafficking offense in Count 2, in violation of 18 U.S.C. § 924(c). The Indictment included a forfeiture allegation as well as "sentencing allegations," one of which related to Count 3 and stated that "[t]he firearm was carried." Brewer hired his own attorney, Joseph W. Eddingfield. Brewer then entered into a written Plea Agreement, wherein he agreed to plead guilty to Count 3,

the § 924(c) offense, in exchange for, *inter alia*, the Court dismissing the remaining counts of the Indictment. Specifically, the Plea Agreement provided:

> 12. Defendant will enter a plea of guilty to the charge contained in Count 3 of the Indictment with the understanding that:
>
>   a. His conduct involved "carrying" the firearm in accordance with 924(c)(4).
>
>   . . . .
>
>   e. Defendant understands that the law gives a convicted person the right to appeal the conviction and the sentence imposed; defendant also understands that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement, defendant expressly waives his right to appeal or to contest his conviction and his sentence or the manner in which his conviction or his sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under 18 U.S.C. § 3742 or any post conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255.

(Plea Agreement 12–13, DE 13.)

A change of plea hearing was set for February 10, 2005. Pursuant to the dictates of Federal Rule of Criminal Procedure 11, the Court conducted its plea colloquy with Brewer, and as a result of the hearing, the Court accepted Brewer's plea of guilty to the gun charge in Count 3. On August 1, 2006, Brewer was sentenced to a term of imprisonment of 60 months. No appeal was filed.

In his present petition, Brewer claims that his attorney was ineffective for allowing him to plead to the gun count which he contends, under *Bailey v. United States*, 516 U.S. 137 (1995), was not sufficient to support a § 924(c) violation.

In opposition to the Petition, the Government first argues that Brewer has waived his

right to file a § 2255 petition. As noted above, according to the terms of his Plea Agreement contained in paragraph 12(e), Brewer is foreclosed from attacking both his conviction and sentence on appeal and under § 2255 proceeding. Such waivers contained in a Plea Agreement have been determined to be enforceable. *Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000); *see also United States v. Williams*, 184 F.3d 666, 686 (7th Cir. 1999); *United States v. Standiford*, 148 F.3d 864, 867 (7th Cir. 1998). As is standard practice, Brewer was specifically questioned at the plea hearing by the Judge about the Plea Agreement's waiver of his right to appeal or contest his sentence and conviction as well as his waiver to bring a proceeding under 28 U.S.C. § 2255.

Brewer acknowledges that his Plea Agreement contained a waiver of his right to file a § 2255 petition. However, Brewer insists that he would not have signed the Plea Agreement had he known about *Bailey*, and thus the Plea Agreement and waiver were not entered into freely, voluntarily, and intelligently. As will be explained below, Brewer's reliance on *Bailey* is misplaced, and thus there is no basis for declaring the waiver in the Plea Agreement null and void.

To obtain relief under section 2255, Brewer must show "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995). A Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citing *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997).

The law is well settled that failure to raise constitutional issues on direct appeal bars

3

consideration of the issues under § 2255 unless cause for the procedural default and prejudice arising from it are shown. *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000); *Rosenwald v. United States*, 898 F.2d 585 (7th Cir. 1990). Establishing that appellate counsel was ineffective for not raising a claim constitutes cause to justify procedural default. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996); *Rosenwald*, 898 F.2d at 587.

In seeking to prove that his counsel provided ineffective assistance, the Defendant "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) there is a reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different," *id.* at 694. *See also Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (applying *Strickland* test to claim that appellate counsel rendered ineffective assistance). "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted). "As our cases in the wake of *Strickland* amply demonstrate, the foregoing principles erect a high hurdle for the petitioner. Indeed, we expect that few petitioners will be able to pass through the 'eye of the needle' created by *Strickland*." *Sullivan v. Fairman*, 819 F.2d 1382, 1391 (7th Cir. 1987).

Brewer's representation was not deficient if it was "reasonably effective assistance," meaning Brewer must show that his counsel's representation fell below an objective standard of "reasonableness." *Strickland*, 466 U.S. at 698. "[A] Court must indulge the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is,

4

the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991); *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). To establish prejudice, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 689; *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994).

In the present case, Brewer claims that his attorney was ineffective because he allowed him to plead to conduct that, under *Bailey*, decided 10 years earlier, did not constitute sufficient evidence of a crime. Brewer claims he did not appeal because he was "acting under the belief that my lawyer and the government's counsel were applying the law applicable to my case. I was wrong. It was not until I came to prison that I learned that I had entered a plea of guilty to a non-existent crime." (Petition 2). However, Brewer's reliance on *Bailey* does not provide a basis for a claim against his attorney.

The Supreme Court decided in *Bailey*, 516 U.S. 137 (1995), that the term "use" under § 924(c) requires active employment. However, the Court in *Bailey* was only considering the "use" prong of section § 924(c). What the Court also did in *Bailey* was to make clear that "use" and "carry" are not synonymous and that they did not affect the "carry" prong. *Broadway v. United States,* 104 F.3d 901, 904 (7th Cir. 1997). In this case, while Brewer was charged in the Indictment with the wording found in the statute, which included "use" and "carry", the sentencing allegation also contained in the Indictment made clear that Brewer's conduct was in violation of the statute based on the "carry" prong. Additionally, in the Plea Agreement, Brewer agreed that his conduct constituted "carrying" under § 924(c).

5

Therefore, Brewer's reliance on *Bailey* is totally misplaced[1]. Further, caselaw in the Seventh Circuit has held post-*Bailey*, that "a defendant who transports a gun on his person or within his reach, available for immediate use, during and in relation to a drug trafficking crime may—consistent with *Bailey*—be convicted of carrying a firearm under § 924(c)(1)." *United States v. Baker*, 78 F.3d 1241, 1247 (7th Cir. 1996) (quoted in *United States v. Cooke*, 110 F.3d 1288, 1295–96 (7th Cir. 1997) and *United States v. Shelby*, 121 F.3d 1118, 1121 (7th Cir. 1997)).

It appears that Brewer does not recognize the distinct conduct that he was charged with and to which he pleaded guilty: carrying. As a result, his legal analysis is incorrect, and he cannot prevail on his claim nor meet his burden in establishing that counsel's representation fell below an objective standard of "reasonableness." Brewer's attorney did not, as Brewer claims, let Brewer plead guilty to a non-existent crime. There was no error in his attorney's conduct in having him plead to carrying the firearm during and in relation to the drug trafficking crime, which was established by the fact that he had previously sold cocaine to an undercover officer, and had arranged, on the date in question, to do so again. When Brewer came to the set location to conduct the deal, Brewer arrived at the meeting place in his vehicle with the drugs for the deal, other drugs, and the gun that was on his person. Brewer's attorney was able to negotiate a plea deal that resulted in Brewer receiving less jail time. Had Brewer gone to trial and been

---

[1] Brewer attempts to make a distinction between "carrying" and "mere possession". Apparently, Brewer is under the impression that he was not "carrying" a firearm simply because he had it on his person at the time of the drug trafficking crime. While simple possession is not sufficient to support an allegation of "use", which requires "active employment", it is clear that simple possession meets the definition of "carrying" as used in the statute. *United States v. Cooke* 110 F3d 1288 (7th Cir. 1997). If Brewer had a gun on his person, and he admits that he did, then he was "carrying" the gun. The gun did not walk over to the drug transaction by itself; it was carried there by Brewer.

convicted, he would have had to serve time in prison on the drug offense, a sentence that would have had to run consecutive to the gun sentence. See 18 U.S.C. § 924(c)(1)(D)(ii)(stating that the sentence for this gun crime must be served consecutively to any other sentence imposed on the defendant, including a sentence imposed "for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed"). The Court concludes that Brewer received effective assistance of counsel and, moreover, he waived his right to file a petition for post-conviction relief in his Plea Agreement. Therefore, his § 2255 Petition must be denied.

## Conclusion

Based on the foregoing, Brewer's "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [DE 41] is hereby DENIED.

So ORDERED on March 19, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT